**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NORMAN ALVAREZ | ) | Case Number |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| WELTMAN, WEINBERG & REIS | ) | |
| CO., L.P.A. | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Norman Alvarez, by and through his undersigned

counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of

Defendant, and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Norman Alvarez, is an adult natural person and brings this action

for actual and statutory damages and other relief against Defendant for violations to the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits

debt collectors from engaging in abusive, deceptive and unfair practices as well as

violations of the violations of New York General Business Law §349 and New York

General Business Law §601.

## II.      JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C.

§1337.

3.      Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III.    PARTIES

4.      Plaintiff, Norman Alvarez, is an adult natural person residing at 3433 Edson Avenue, Bronx, NY 10469.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Weltman, Weinberg & Reis Co., L.P.A. (hereafter, Defendant), at all times relevant hereto, is and was a legal professional association engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.      On or around January 10, 2013, Plaintiff received a letter from Defendant attempting to collect on an alleged National Collegiate Trust debt.

8.      Plaintiff was said to owe a balance of approximately $24,564.41.

9.      On or around January 17, 2013, Plaintiff received a phone call from Defendant's agent "Ross" attempting to collect on the alleged National Collegiate Trust debt.

10.     Defendant's agent "Ross" informed Plaintiff that he was attempting to collect a debt on behalf of Defendant in the amount of approximately $24,564.41 for a National Collegiate Trust debt.

11.     At that time Defendant's agent "Ross" demanded Plaintiff pay the debt in full or Defendant would get a judgment against Plaintiff.

12.     Plaintiff politely stated that he could not afford a payment that high.

13.     Defendant's agent "Ross" aggressively stated that the lowest payment they could accept is $245.00 a month if Plaintiff made a payment in the amount of $6,000 that day.

14.     Plaintiff again stated that he could not afford a payment that high.

15.     Plaintiff was frightened when Defendant's agent "Ross" became very angry and responded to Plaintiff with threats of calling Plaintiff's father, Roberto Alverez who is the co-signer of the alleged National Collegiate Trust debt.

16.     Defendant's agent "Ross" threats regarding Plaintiff's father included but are not limited to "I know your father owns property we will go after that", "If you don't pay we will have to have a conference call with your father", "Your father needs to take responsibility as well", and "We will take your father's retirement funds if you do not pay".

17.     Defendant's agent "Ross" continued to threaten Plaintiff in an aggressive manner stating "The things we are going to do to you are going to affect you for the next seven years", You won't be able to get a car", and "three strikes you are out".

18.     Plaintiff, unable to bear the harassment and humiliation any longer, hung up on Defendant's agent "Ross".

19.     Defendant continues to place collection calls the Plaintiff despite their failure to provide validation of this account.

20.     The Defendant acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I - FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A., for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.      Such addition and further relief as may be appropriate or that the interests

of justice require.

## COUNT II

### Violations of New York General Business Law §349

28.     Plaintiff hereby restates realleges and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this count.

29.     Under New York General Business Law §349, deceptive acts or practices

in the conduct of any business conducted in the State of New York are unlawful.

30.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or

commerce or in the furnishings of any service in this state are

hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared

to be unlawful, whether or not subject to any other law of this

state, and shall not supersede, amend or repeal any other law of

this state under which the attorney general is authorized to take any

action or conduct inquiry

(h)     In addition to the right of action granted to the attorney general

pursuant to this section, any person who has been injured by reason

of any violation of this section may bring an action in his own

name to enjoin such unlawful act or practice, an action to recover

their actual damages or fifty ($50) dollars whichever is greater, or

both such actions.  The court may, in discretion, increase the award

of damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the

Defendant willfully or knowingly violated this section.  The

court may award reasonable attorney's fees to a prevailing

Plaintiff.

31.     As a direct and proximate result of Defendant's deceptive acts and

practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among

other things, suffered stress and anxiety as a result of the practices and actions of the

Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor

and against Defendant, and Order the following relief:

      a.     Actual damages

      b.     Statutory damages

      c.     An award of reasonable attorney's fees and expenses and cost of

           suit; and

      d.     Such additional relief as is deemed just and proper, or that the

           interest of justice may require.

## COUNT III

### Violations of New York General Business Law §610

32.     Plaintiff hereby restates realleges and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this count.

33.     Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34.     GBL §601 provides in relevant part as follows:

(6.)     Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor; or

(8)     Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages

b.     Statutory damages

c.     An award of reasonable attorney's fees and expenses and cost of suit; and

d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**


**Date: February 28, 2013**          **BY: */s/Brent F. Vullings bfv8435***
                                             Brent F. Vullings, Esquire
                                             Vullings Law Group, LLC
                                             3953 Ridge Pike
                                             Suite 102
                                             Collegeville, PA 19426
                                             P: 610-489-6060
                                             F: 610-489-1997
                                             Attorney for Plaintiffs
                                             bvullings@vullingslaw.com